UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JASON BERMUDEZ,

                            Plaintiff,

   -against-                                    MEMORANDUM
                                                 AND ORDER
DETECTIVE BRYAN TERRIBERRY,         07-CV-4038 (SLT)
Shield #919773/114th Pct or 108 pct.
108 pct, 5-47 50th Avenue, Astoria NY, 11105
and 114 pct., 34-16 Astoria Blvd., Astoria,
NY 11103,

                            Defendants.
-----------------------------------------------------------------x
**Townes, United States District Judge:**

      Plaintiff, Jason Bermudez, currently incarcerated at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983 against a detective employed by the New York City Police Department alleging violations of his "constitutional rights as a citizen." Complaint at ¶ 4 G. Plaintiff seeks money damages and also requests "that the officer be written up on charges for his actions under the color of law." *Id.* at ¶ 5. The action was transferred from the United States District Court, Southern District of New York, by Order dated September 14, 2007 because the claim occurred in Astoria, Queens, within the Eastern District of New York. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directs plaintiff to replead within thirty days of entry of this Order.

## BACKGROUND

      Plaintiff's sole allegation is that when he was arrested on September 13, 2006, the arresting officer, Detective Terriberry, erroneously concluded that plaintiff's unspecified offense was gang-related. Complaint, Attachment, Civilian Complaint Review Board, Complaint Report. Plaintiff filed a complaint with the Civilian Complaint Review Board ("CCRB") on May



18, 2007 alleging that although detective Terriberry testified at the grand jury proceedings that he had never met or seen plaintiff, he stated in his report that the incident was gang-related. *Id.* Plaintiff is concerned that the moniker of "gang-related" will prejudice the prosecution against him and may adversely affect his sentence.

By letter dated June 11, 2007, the CCRB determined that plaintiff's complaint did not fall within their jurisdiction and referred the complaint to the Office of the Chief of Department ("OCD") for investigation. Complaint, Attachment, June 11, 2007 Letter from CCRB. The OCD "has jurisdiction to investigate complaints that question the validity of summonses and arrests, and the competence with which police officers perform their general duties." *Id.* Plaintiff states that the CCRB investigation is "still pending." Complaint at ¶ IV(E)(2). The Court presumes plaintiff means that the OCD investigation is still pending.

## DISCUSSION

### I. Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations omitted). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B). Further, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

governmental entity or employee of a governmental entity...." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*

## II. 42 U.S.C. § 1983

Plaintiff brings this action under 42 U.S.C. § 1983. To state a claim under 42 U.S.C.§ 1983, plaintiff must show that he has been deprived of a right "secured by the Constitution and the laws" of the United States and that defendants acted under color of a state "statute, ordinance, regulation, custom or usage ...." 42 U.S.C. § 1983. The Court must consider whether the conduct about which plaintiff complains was committed by a person acting under color of state law as well as whether that conduct deprived plaintiff of rights, privileges or immunities guaranteed by the United States Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff does not allege that he was falsely arrested in violation of the Fourth Amendment to the United States Constitution, only that in the arrest report, the incident for which he was arrested was described as gang-related. Since a characterization in a police report of an incident as gang-related does not rise to the level of deprivation of a right secured under the United States Constitution, plaintiff's allegations fail to state a claim upon which relief can be granted. Therefore, plaintiff's claims regarding Detective Terriberry's allegedly improper characterization of the crime for which plaintiff is charged as gang-related is dismissed because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii); 28 U.S.C. § 1915A.

Construing the complaint broadly and recognizing that the complaint is vague in its

allegations, plaintiff may be seeking, for example, to assert a claim of false arrest. *Wallace v. Kato*, ___ U.S. ___, 127 S.Ct. 1091, 1095 (2007) (the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process).

The complaint as presently stated fails to state a claim under 42 U.S.C. § 1983. However, in deference to plaintiff's *pro se* status, in light of the uncertainty about the type of claim plaintiff wishes to state, and in an abundance of caution, the Court grants plaintiff thirty days to amend his complaint to properly plead and include claims alleging deprivation of rights guaranteed by the United States Constitution. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should be afforded an opportunity to amend complaint prior to dismissal).

## CONCLUSION

Accordingly, plaintiff's claim that his offense has been wrongly characterized as gang-related by Detective Terriberry is dismissed because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii); 28 U.S.C. § 1915A.

Plaintiff is afforded thirty days leave to file an amended complaint. The amended complaint must set forth the facts giving rise to a federal claim and shall be submitted to the Court within thirty days of the entry of this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Once submitted the amended complaint will be reviewed for compliance

with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/
Sandra L. Townes
United States District Judge

Dated: Brooklyn, New York
November 8, 2007